UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN NYUMAH and <br> VICTORIA ROBERTS, <br><br> Plaintiffs, <br><br> v. <br><br> CHAD WOLF, <br> *Acting Secretary of the* <br> *Department of Homeland Security*, <br> et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 4:19-CV-03283-JAR |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss. (Doc. 11). Plaintiffs have responded (Doc. 15), and Defendants have replied. (Doc. 19). For the reasons discussed below, the motion will be granted and this case will be dismissed for lack of subject matter jurisdiction.

**I.   BACKGROUND**

John Nyumah came to the United States as a visitor on October 31, 2013 and proceeded to marry Virginia Roberts, a U.S. citizen, on December 19, 2014. (Doc. 10 at ¶¶ 7-8). On April 3, 2015, Roberts filed Form I-130 Petitions for Alien Relative ("I-130 Petitions") for Nyumah and his son with United States Citizenship and Immigration Services ("USCIS"), while Nyumah filed on his own behalf a Form I-485 Application to Register Permanent Residence or Adjust Status ("I-485 Application"). (*Id.* at ¶ 9). Having not received a decision for over four years despite submitting to multiple interviews and providing substantial documentation, Plaintiffs filed a Complaint in this Court on December 17, 2019. (Doc. 1).

On March 3, 2020, before Defendants had filed any responsive pleading, USCIS issued Notices of Intent to Deny the I-130 Petitions and the I-485 Application. (Doc. 10 at ¶ 23; Doc. 10-14 at 7-13). After receiving additional evidence, however, USCIS approved the I-130 Petitions while formally denying the I-485 Application. (Doc. 10 at ¶¶ 34-35; Docs. 12-1, 12-2, 12-3). The primary basis for denying the I-485 Application was USCIS' finding that Nyumah had submitted fraudulent documentation in order to prove the validity of his previous marriage to Abigail Ceoh Nyumah in Liberia when seeking a nonimmigrant visa in 2013. (Doc. 10-14 at 8; Doc. 12-3 at 3-5). Based on this determination, Nyumah did not qualify for an adjustment under 8 U.S.C. § 1255(a). *See* 8 U.S.C. § 1182(a)(6)(C)(i) ("Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible."). USCIS also determined that "the favorable factors [ ] do not warrant a favorable exercise of discretion in light of the adverse factors," and alternatively denied the I-485 Application as an apparent exercise of its discretionary authority. (Doc. 12-3 at 5).

Plaintiffs have amended their complaint without objection from Defendants and now challenge the denial of Nyumah's I-485 Application as unlawful. (Doc. 10). Specifically, Plaintiffs allege that the finding that Nyumah's Liberian marriage license was fraudulent is "fatally flawed, arbitrary, and capricious." (*Id.* at ¶ 36). Plaintiffs contend they have a right of review in this Court under the Administrative Procedure Act (Count I) and request a declaratory judgment against Defendants per 28 U.S.C. § 2201 (Count II). Defendants seek dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[1]

---

[1] Defendants also seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiffs' claims have been mooted and therefore do not constitute a live case or controversy under Article III, § 2 of the U.S. Constitution. (Doc. 12 at 9). This Court's jurisdiction is indeed limited to live cases or controversies, but "[q]uestions of mootness are matters of subject-matter jurisdiction." *Davis v. Anthony, Inc.*, 886 F.3d 674, 677 (8th Cir. 2018). Accordingly, Defendants' mootness argument is properly addressed under Rule 12(b)(1) as well.

## II.     LEGAL STANDARD

When a party challenges this Court's subject matter jurisdiction, at issue is this Court's "very power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). In deciding a motion under Rule 12(b)(1), this Court "must distinguish between a facial attack – where it looks only to the face of the pleadings – and a factual attack – where it may consider matters outside the pleadings." *Croyle by and through Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018). In either case, Plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019).

Defendants do not state whether they are lodging a facial or factual attack. While there are contested facts as to the underlying denial (*i.e.*, whether Nyumah's prior marriage was legitimate or fraudulently misrepresented), these facts need not be resolved to determine whether this Court has jurisdiction. The parties only dispute whether the denial of Nyumah's application was a discretionary determination not subject to this Court's review. Accordingly, it is appropriate to accept as true all facts alleged in the Amended Complaint and consider only those materials necessarily embraced by the pleadings.[2] *Osborn*, 918 F.2d at 729 n.6 ("[N]on-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)."). Other courts have reached the same conclusion under similar circumstances. *See, e.g.*, *Pritchett v. U.S. Dep't of Homeland Security*, Case No. 4:19-CV-458-RLW, 2020 WL 1032444,

---

[2] Plaintiffs' Amended Complaint attaches and thereby incorporates virtually all of the pertinent documents on this motion to dismiss. (Doc. 10). The Amended Complaint does not appear to specifically attach the May 27, 2020 Notice of Decision denying Nyumah's I-485 Application. This key document, however, is clearly embraced by the Amended Complaint and may be considered in this facial attack on jurisdiction. (*Id.* at ¶ 35, citing to Doc. 8-3). "Materials embraced by the [Amended Complaint] include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Herbert L.R. v. Tritten*, 421 F. Supp. 3d 688, 692 (D. Minn. 2019) (quoting *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)).

at *3 (E.D. Mo. Mar. 3, 2020); *Sarvestani v. Chertoff*, Case No. 4:06-CV-01807-ERW, 2007 WL 1774439, at *1 (E.D. Mo. June 18, 2007).

### III.     STATUTORY CONTEXT

Congress has created a process for adjusting one's status from nonimmigrant to lawful permanent resident under the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1255. To be eligible for an adjustment, the nonimmigrant must be "admissible to the United States" among other requirements. 8 U.S.C. § 1255(a)(2). The applicant bears the burden of proving that he is not inadmissible. S*ee Godfrey v. Lynch*, 811 F.3d 1013, 1017 (8th Cir. 2016). A nonimmigrant "who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit . . . is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(i).

Even if an applicant meets the criteria for admissibility established by the statute, it is ultimately within the Attorney General's discretion whether to grant adjustment of status. *See Mutie-Timothy v. Lynch*, 811 F.3d 1044, 1048 (8th Cir. 2016) ("Adjustment of status is a discretionary decision committed to the Attorney General."). Through the Illegal Immigration Reform and Immigrant Responsibility Act and REAL ID Act of 2005, Congress has expressly prohibited federal courts from exercising jurisdiction over this discretionary decision. Pub. L. No. 104-208, 110 Stat. 3009-546 (1996); Pub. L. 109-13, 119 Stat. 302 (2005); *see* 8 U.S.C. § 1252(a)(2)(B) ("Notwithstanding any other provision of law . . . no court shall have jurisdiction to review -- (i) any judgment regarding the granting of relief under section . . . 1255 of this title, or (ii) any other decision or action of the Attorney General . . . the authority for which is specified in this subchapter to be in the discretion of the Attorney General."). In the Eighth Circuit, claims regarding the discretionary denial of status adjustment applications have frequently been dismissed

for lack of subject matter jurisdiction. *See, e.g.*, *Toby v. Holder*, 618 F.3d 963 (8th Cir. 2010); *Pritchett*, 2020 WL 1032444. Judicial review is available in an appropriate appellate court, however, if a complaint raises a legal or constitutional claim. *Mutie-Timothy*, 811 F.3d at 1048; *see* 8 U.S.C. § 1252(a)(2)(D).

## IV.   DISCUSSION

Discretionary Acts Under 8 U.S.C. § 1252(a)(2)(B)

Defendants contend that, pursuant to 8 U.S.C. § 1252(a)(2)(B), this Court lacks jurisdiction over the discretionary denial of Nyumah's I-485 Application. Plaintiffs "agree that this is the law as it pertains to *discretionary* denials" but argue that "Defendants never engaged in the balancing test required by Eighth Circuit law and their own findings to make a discretionary analysis." (Doc. 15 at 1).[3] In its Notice of Decision, USCIS first outlined the basis for its determination that Nyumah had fraudulently or willfully misrepresented a material fact, the legality of his prior marriage to Abigail Ceoh Nyumah.

> Because you have not established that you were in fact legally married to Abigail Ceoh Nyumah, USCIS has determined that you have not met your burden to establish that you are not inadmissible for fraud and willful misrepresentation of a

---

[3] It is unclear if this Court has jurisdiction to review the USCIS' denial even if the decision were nondiscretionary. 8 U.S.C. § 1252(a)(2)(B)(i) provides that no court shall have jurisdiction to review "any judgment regarding the granting of relief under section . . . 1255 of this title." 8 U.S.C. § 1252(a)(2)(B)(ii) then provides that no court shall have jurisdiction over an action "specified under this subchapter to be in the discretion of the Attorney General." A strict interpretation would suggest that § 1252(a)(2)(B)(i) applies to non-discretionary denials; but this interpretation is inconsistent with the section title: "Denials of discretionary relief." Recently, in *Jimenez Verastegui v. Wolf*, the U.S. District Court for the District of Columbia analyzed this issue in considerable detail and held that the "statute does not distinguish 'between judgments that are discretionary and judgments that are purely legal.'" Case No. 18-2358 (TJK), 2020 WL 3297230, at *4 (D.D.C. June 18, 2020) (quoting *Djodeir v. Mayorkas*, 657 F. Supp. 2d 22, 24 (D.D.C. 2009)). *But see Mamigonian v. Biggs*, 710 F.3d 936, 945 (9th Cir. 2013) ("[D]istrict courts have jurisdiction to hear cases challenging final agency determinations respecting eligibility for the immigration benefits enumerated in 8 U.S.C. § 1252(a)(2)(B)(i) made on nondiscretionary grounds.").

The Eighth Circuit has consistently framed 8 U.S.C. § 1252(a)(2)(B) as barring review of the "discretionary denial of adjustment of status." *Toby*, 618 F.3d at 967; *see also Diallo v. Holder*, 715 F.3d 714, 715 (8th Cir. 2013) ("We generally do not have jurisdiction to review discretionary denials of adjustment of status."). In their briefing, moreover, Defendants do not argue that 8 U.S.C. § 1252(a)(2)(B)(i) bars review of non-discretionary denials; instead, Defendants contend that discretion was in fact exercised and therefore judicial review is not available. Because this Court agrees that discretion was exercised, it need not decide whether the statute also precludes review of non-discretionary denials of adjustment of status applications.

material fact under INA 212(a)(6)(C)(i) and therefore, you are not qualified to adjust. (Doc. 12-3 at 4).

This determination would be sufficient to deny Nyumah's I-485 Application but may be subject to this Court's jurisdiction on appeal. USCIS proceeded, however, to find in the alternative that Nyumah did not warrant an exercise of favorable discretion. Given its central role in this case, the basis for USCIS' allegedly discretionary determination is worth quoting in full:

> Alternatively, even if you had established statutory eligibility for adjustment of status (which you have not), USCIS would nevertheless deny your application in the exercise of discretion. The granting of adjustment of status to that of a lawful permanent resident is a discretionary benefit. See section 245(a) of the INA. Mere eligibility is not the only factor considered in adjustment of status. Adverse factors may preclude a favorable exercise of discretion by USCIS.
>
> An applicant must demonstrate eligibility for adjustment of status as a matter of law and in the exercise of discretion. Generally, favorable factors such as family ties, hardship, and length of residence in the United States can be considered in the favorable exercise of discretion.
>
> You have provided to USCIS evidence of factors to be considered in your favor. These factors include: (1) your marriage to your U.S. citizen spouse, Victoria Roberts, (2) your employment as a Developmental Assistant I with the St. Louis County Developmental Disabilities Treatment Center in St. Louis County, Missouri, (3) your lack of a criminal history, and (4) your attendance at the New Testament Christian Church with your U.S. citizen spouse.
>
> However, USCIS has determined that your case presents significant adverse factors which show that discretion should not be exercised in your favor. In particular, you submitted a fraudulent marriage license to USCIS with your Form I-485. In addition, you claimed to be married as part of your nonimmigrant visa application, which served as a favorable factor in adjudication of that application, but have failed to produce sufficient evidence to prove that the claimed marriage was in fact valid and legal.
>
> After a careful review of all of the facts, USCIS has determined that the favorable factors above do not warrant a favorable exercise of discretion in light of the adverse factors. Thus, in addition to denying your Form I-485 because you failed to meet the burden to establish that you are not inadmissible pursuant to INA 212(a)(6)(C)(i), you have also not met the burden of demonstrating to USCIS that you warrant a favorable exercise of discretion. Therefore, in the alternative, USCIS also denies your application in the exercise of discretion. (*Id.* at 4-5).

Simply put, the question before this Court is whether the above constitutes an exercise of discretion.

Plaintiffs argue that USCIS' denial turned entirely on whether Nyumah's Liberian marriage license was fraudulent, which "is not a judgment call" because "[i]t is either valid or it is not." (Doc. 15 at 3). Rather than being discretionary, Plaintiffs claim that USCIS' denial relies on a "baseless allegation of fraud, devised by a Keystone cops-like 'investigation' that flies in the face of readily available evidence." (*Id.* at 6). Plaintiffs request that this Court "direct the parties to engage in discovery so that the Court may be presented with evidence to make a case-by-case determination" as to whether a discretionary decision was made. (*Id.* at 12). Plaintiffs devote substantial energy in the Amended Complaint and response to the instant motion arguing that Nyumah's prior marriage was in fact legitimate. The only relevant question for this Court at the moment, however, is whether USCIS exercised discretion in denying Nyumah's I-485 Application.

Plaintiffs rely on *Hajiani-Niroumand v. I.N.S.* for the proposition that a discretionary decision requires "balanc[ing] the social and humane factors presented by the alien against the adverse factors including the undesirability of the alien as a permanent resident." 26 F.3d 832, 835 (8th Cir. 1994). As Defendants note, however, this decision preceded Congress' enactment of the jurisdictional bar at 8 U.S.C. § 1252(a)(2)(B), and the decision does not consider the possibility that the court lacked jurisdiction. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546 (1996).

Other circuits have been more willing to review purportedly discretionary denials of adjustment of status. In *Singh v. Gonzales*, the Second Circuit reviewed a denial of adjustment of status where the "discretionary ruling appears to have been the same as the basis for [the Immigration Judge's] ruling on [plaintiff's] eligibility for adjustment of status." 468 F.3d 135, 138

(2d Cir. 2006); *see also Ling Yang v. Mukasey*, 514 F.3d 278 (2d Cir. 2008). The First Circuit, citing *Singh*, has reached a similar conclusion. *Yamoah v. Lynch*, 641 Fed. App'x 12, 16 n.4 (1st Cir. 2016) ("However, where an alternative, nondiscretionary ground forms the basis for the discretionary judgment, we may review the nondiscretionary ground."). At least one district court within the Eighth Circuit has grappled with the *Singh* holding, though the court did not necessarily adopt its reasoning. *Suastegui Vega v. McAleenan*, Case No. 8:19-CV-189, 2019 WL 3219326, at *4-5 (D. Neb. July 17, 2019).[4]

The Eighth Circuit, however, has consistently found that the federal courts lack jurisdiction over discretionary adjustment of status denials. In *Mutie-Timothy v. Lynch*, the plaintiff sought review of an order by the Board of Immigration Appeals ("BIA") upholding an Immigration Judge's ("IJ") denial of her application for adjustment of status. 811 F.3d 1044, 1045 (8th Cir. 2016). The BIA concluded that "substantial evidence in the record fully supported the IJ's finding that Mutie-Timothy was not credible and had committed marriage fraud" and accordingly affirmed the IJ's discretionary denial of adjustment of status. *Id.* at 1048. The Eighth Circuit held that it "lack[ed] jurisdiction to review the BIA's discretional denial of adjustment of status," specifically noting that "factual arguments couched in legal or constitutional terms are insufficient to overcome the jurisdictional bar." *Id.* at 1048-49. In *Toby v. Holder*, the plaintiff argued that the IJ's credibility determination was unreasonable. The Eighth Circuit again held that it "lack[s] jurisdiction to review an IJ's weighing of discretionary factors." 618 F.3d 963, 968 (8th Cir. 2010); *see also Diallo v. Holder*, 715 F.3d 714, 715 (8th Cir. 2013) ("We generally do not have jurisdiction to review discretionary denials of adjustment of status."); *Pritchett v. U.S. Dep't of Homeland*

---

[4] In *Suastegui Vega*, the plaintiff erroneously argued that the Attorney General could not consider the formal eligibility requirements when making a discretionary determination. As the court properly noted, this argument is "premised on an illogical understanding of the Attorney General's discretionary authority," and it is abundantly clear that the formal eligibility factors may be considered when making a discretionary determination. *Suastegui Vega*, 2019 WL 3219326, at *5. The court distinguished the plaintiff's argument from the decision in *Singh*.

*Security*, Case No. 4:19-CV-458-RLW, 2020 WL 1032444, at *3 (E.D. Mo. Mar. 3, 2020) ("[T]he Court finds it is jurisdictionally barred from reviewing the denial of Plaintiff's Form I-485 application.").

An exercise of discretion requires that discretion be exercised. "[D]iscretion is after all the name of an intellectual virtue: it is a near-synonym for practical wisdom or sagacity or prudence; it is the power of discerning or distinguishing what in various fields is appropriate to be done and etymologically connected with the notion of discerning." H.L.A. Hart, *Discretion*, 127 HARV. L. REV. 652, 656 (2013). The Eighth Circuit has acknowledged that "[a]djustment of status requires a balancing of favorable and adverse factors." *Toby*, 618 F.3d at 968. Plaintiffs express legitimate concern that "merely by using the word[] 'discretionary' in their denial" Defendants become "immune from any judicial review." (Doc. 15 at 14).

An agency's bare assertion that it exercised discretion, without a hint of judgment, balancing, or genuine consideration of the issues, does not establish an exercise of discretion. But that is not the situation here. Instead, the Notice of Decision reflects USCIS' determination that, "[a]fter a careful review of all the facts," the positive factors in Nyumah's favor did not outweigh the "significant adverse factors," particularly the allegedly fraudulent marriage license. USCIS explicitly considered Nyumah's marriage to Roberts, employment, lack of criminal history, and church attendance. These positive factors were not sufficient to overcome USCIS' adverse findings. Plaintiffs persuasively challenge the soundness of USCIS' determination that Nyumah's Liberian marriage was fraudulent. In doing so, Plaintiffs question the factual underpinnings of USCIS' discretionary judgment; the ultimate decision, however, remains discretionary. Where USCIS has identified the relevant balancing factors and considered individual circumstances before determining that an applicant did not warrant a favorable exercise of discretion, the statute does not permit this Court to peer behind the curtain and insist that no discretion was exercised.

Accordingly, this Court lacks jurisdiction to review the denial pursuant to 8 U.S.C. § 1252(a)(2)(B).

Administrative Procedure Act

Plaintiff argues that even if USCIS exercised discretion, the Administrative Procedure Act ("APA") provides this Court with jurisdiction to determine if USCIS' denial was arbitrary or capricious. (Doc. 15 at 12). Defendants contend that the APA cannot serve as an independent jurisdictional hook, and certain sections of the APA explicitly prohibit the exercise of jurisdiction over this case. (Doc. 12 at 6-7). There is generally a presumption of judicial review of final agency action, "but this presumption may be overridden in certain circumstances." *Tamenut v. Mukasey*, 521 F.3d 1000, 1003 (8th Cir. 2008) (en banc) (per curiam).

By its plain language, the APA does not permit this Court to exercise jurisdiction over Plaintiffs' case. The APA specifically provides that its provisions shall apply "except to the extent that – (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1)-(2). As discussed above, 8 U.S.C. § 1252(a)(2)(B) expressly precludes judicial review of discretionary denials of adjustment of status applications. The Eighth Circuit recently addressed this exact issue and held that 8 § U.S.C. 1252(a)(2)(B) is a statute precluding judicial review and therefore there is no jurisdiction under the APA. *Al-Saadoon v. Barr*, 973 F.3d 794, 802 (8th Cir. 2020); *see also Pritchett*, 2020 WL 1032444, at *4 ("Based on this express statutory preclusion of judicial review, the APA is not available to provide a judicial review of the denial of Plaintiff's Form I-485."). Pursuant to the clear statutory language and applicable precedent, the APA cannot serve as the basis for this Court's jurisdiction.

Constitutional Claim

In their Amended Complaint, Plaintiffs allege that Defendants have violated the U.S. Constitution, specifically referencing the Due Process Clause of the Fifth Amendment. (Doc. 10 at ¶¶ 1, 22). Defendants argue that Plaintiffs cannot avoid the INA's jurisdictional bar by making a meritless constitutional claim. (Doc. 12 at 8-9). Plaintiffs did not respond to this argument. The Eighth Circuit has clearly stated that "[b]ecause adjustment of status amounts to a power to dispense mercy, an alien can have no constitutionally protected liberty interest in such speculative relief and cannot state a claim for a violation of due process rights." *Guled v. Mukasey*, 515 F.3d 872, 880 (8th Cir. 2008) (citing *Etchu-Njang v. Gonzales*, 403 F.3d 577, 585 (8th Cir. 2005)). Plaintiffs' factual arguments couched in constitutional terms, moreover, cannot overcome the INA's jurisdictional bar. *See Mutie-Timothy v. Lynch*, 811 F.3d 1044, 1048 (8th Cir. 2016). Accordingly, Plaintiffs are "unable to establish jurisdiction based on an alleged constitutional violation." *Pritchett*, 2020 WL 1032444, at *4.[5]

**V.   CONCLUSION**

The discussion of discretionary factors in the USCIS Notice of Decision leaves much to be desired. This Court cannot reasonably conclude, however, that no discretion was exercised. Under the plain language of 8 U.S.C. § 1252(a)(2)(B) and applicable Eighth Circuit precedent, this Court lacks jurisdiction over the discretionary denial of Nyumah's I-485 Application as a matter of law. Plaintiffs also cannot carry their burden of demonstrating this Court's jurisdiction via the APA or Due Process Clause. As a result, this case must be dismissed for lack of subject matter jurisdiction.

---

[5] Even if Plaintiffs could make out a plausible constitutional claim, this Court would lack jurisdiction because 8 U.S.C. § 1252(a)(2)(D) permits review of such claims in "an appropriate court of appeals," not the district court. *See Abdelwahab v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 11) is **GRANTED** and this case is **DISMISSED.**

Dated this 12th day of November, 2020.

                                                 _____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE